NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

KHAMAL RASHOD SMITH, :
: CIV. NO. 21-13207 (RMB-SAK)
Plaintiff :
:
v. : **OPINION**
:
CAPE MAY COUNTY :
PROSECUTOR'S OFFICE, :
:
Defendant :

BUMB, DISTRICT JUDGE

This matter comes before the Court upon pro se Plaintiff Khamal Smith's ("Plaintiff") civil rights complaint under 42 U.S.C. § 1983. (Compl., Dkt. No. 1.) Plaintiff is a pretrial detainee confined in the Cape May County Correctional Center. Plaintiff has established his financial eligibility to proceed without prepayment of the filing fee ("i*n forma pauperis*" or "IFP") under 28 U.S.C. § 1915(a), and his IFP application will be granted. (IFP App., Dkt. No. 1-2.) Plaintiff has also filed two motions for appointment of pro bono counsel. (Mot. for Pro Bono Counsel, Dkt. No. 1-1 and 2.) For the reasons discussed below, the Court will dismiss the complaint based on immunity, and dismiss the motions for pro bono counsel as moot.

I.  *SUA SPONTE* DISMISSAL

When a prisoner seeks to proceed without prepayment of the filing fee for a civil action under 28 U.S.C. § 1915(a) or seeks redress from a governmental entity, officer or employee of a governmental entity or seeks relief based on a prison condition, 28 U.S.C. § 1915(e)(2)(b), § 1915A(b)(1), and 42 U.S.C. § 1997e(c) require courts to review the

complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." Schreane v. Seana, 506 F. App'x 120, 122 (3d Cir. 2012) (citing Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)); Mitchell v. Beard, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(l)); Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citing Iqbal, 129 S. Ct. at 1949–50; see also Twombly, 550 U.S. at 555, & n. 3.) "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Iqbal, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support

2

a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

II. THE COMPLAINT

Plaintiff alleges that the Cape May County Prosecutor's Office raided his home pursuant to a search warrant that was lacking in probable cause, and after destroying Plaintiff's property during the search and not finding or seizing any illegal drugs or money, the prosecutor's office continues to detain him when the case should have been dismissed. The Court construes the complaint as raising a Fourth Amendment unreasonable search and seizure claim, and a Fourteenth Amendment malicious prosecution claim. Plaintiff also alleges that jail staff are "doing a lot of illegal things to me as an inmate that can't defend myself in jail." However, Plaintiff does not describe who has violated his rights in jail or what those individuals did. Further, Plaintiff does not specify the relief sought, and the Court construes the complaint as alleging a claim for damages under § 1983.[1]

III. DISCUSSION

The only defendant named in the complaint is the Cape May County Prosecutor's Office. Absent waiver, "[t]he [Eleventh] Amendment has been interpreted to protect an unconsenting state from 'suit in federal court by its own citizens as well as those of another state.'" Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 694 (3d Cir. 1996) (quoting Pennhurst State School v. Halderman, 465 U.S. 89, 100 (1984) (citing Hans v. Louisiana,

---

[1] A claim for injunctive relief seeking dismissal of the charges would be subject to the Younger abstention doctrine, and result in dismissal of the complaint as long as the state criminal proceedings remained pending. Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 72 (2013) ("When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution.")

3

134 U.S. 1 (1890)). "A suit [against a state agency] may be barred by the eleventh amendment even though a state is not named a party to the action, as long as the state is the real party in interest." Fitchik v. New Jersey Transit Rail Operations, Inc., 873 F.2d 655, 659 (3d Cir. 1989). In New Jersey, county prosecutor's offices "are considered state agencies for § 1983 purposes when fulfilling their law enforcement and investigative—as opposed to administrative—roles." McKinney v. Prosecutor Cty. Prosecutor's Off., 612 F. App'x 62, 65 (3d Cir. 2015) (citing Estate of Lagano v. Bergen Cnty. Prosecutor's Office, 769 F.3d 850, 855 (3d Cir. 2014)). County prosecutors act as arms of the state when they engage in classic law enforcement and investigative activities and are thus entitled to Eleventh Amendment immunity unless they waive it. Beightler v. Office of Essex County Prosecutor, 342 F. App'x 829, 832-33 (3d Cir. 2009); Hyatt v. Cty. of Passaic, 340 F. App'x 833, 837 (3d Cir. 2009) ("under New Jersey law, the [Passaic County Prosecutor's Office] 'remains at all times subject to the supervision and supersession power of the Attorney General' when performing its prosecutorial function and is not autonomous from the State[,]" and is thus entitled to Eleventh Amendment immunity) (quoting *Wright v. State*, 778 A.2d 422, 462 (N.J. 2001.))

      Plaintiff alleges the Camden County Prosecutor's Office violated the Fourth and Fourteenth Amendments by searching his home pursuant to a search warrant that lacked probable cause, and by continuing his prosecution when they did not discover drugs or money during the search. The prosecutor's office was performing investigative and law enforcement activities in its role in obtaining and executing the search warrant and

determining whether to dismiss charges. Therefore, the Camden County Prosecutor's Office is immune from Plaintiff's § 1983 claim.

Plaintiff has not named any defendants who were personally involved in "doing illegal things to me" in the Cape May County Correctional Center. Plaintiff may file an amended complaint that identifies the individuals who violated his rights and what they did to violate Plaintiff's rights.

IV.   CONCLUSION

For the reasons discussed above, the Court will dismiss the complaint without prejudice because the only defendant named in the complaint is immune from a § 1983 damages claim. Plaintiff may file an amended complaint if he can state a claim against a defendant who is not immune from suit.

An appropriate Order follows.

DATE:   **November 10, 2021**

                                                s/Renée Marie Bumb
                                                **RENÉE MARIE BUMB**
                                                **United States District Judge**